```
UNITED STATES DISTRICT COURT                FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| MARIE L. BANKS,<br><br>                              Plaintiff,<br><br>   - against -<br><br>MEDICAL SOCIETY OF THE STATE<br>OF NEW YORK; DR. CLERISME<br>ROOSEVELT; HILLSIDE HOSPITAL;<br>NASSAU UNIVERSITY MEDICAL<br>CENTER; KINGSBORO PSYCHIATRIC<br>CENTER; HEALTH & HOSPITALS<br>CORPORATION,<br>                              Defendants. | MEMORANDUM<br>AND ORDER<br>14-CV-4789 (JG)(VMS) |

JOHN GLEESON, United States District Judge:

On August 7, 2014, Banks filed this in forma pauperis action *pro se* against three hospitals, a physician, the Medical Society of the State of New York and New York City's Health and Hospitals Corporation. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. The complaint is dismissed with leave to replead within thirty days as set forth below.

BACKGROUND

Plaintiff seeks three hundred million dollars in damages for "kidnapping and assault." Compl. 1. Plaintiff alleges that she was prescribed levothyroxine for her thyroid condition, and fluphenazine to treat her diagnosis of schizophrenia, which she took "involuntarily" and "for years" "in injectable form and in tablet." *Id.* at 2. She alleges that she developed a host of serious adverse reactions from the fluphenazine: severe heart conditions including congestive heart failure warranting the insertion of a pacemaker in January 2014;

1

gastrointestinal problems including vomiting, severe constipation, persistent nausea; occasional bloody vaginal discharge; pseudoparkinsonism; blurry vision; pain in her arm and leg; and "stiff neuroleptic condition." *Id.* Banks also includes attachments regarding fluphenazine. *See id.* at 6-13. Her claim, as best I can tell, is a products liability or medical malpractice tort claim for the prescription of a drug that proved harmful to her health.

DISCUSSION

    A.    *Standard of Review*

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation omitted). Nevertheless, "a pro se plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter

2

jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (citations omitted).

      B.    *Subject Matter Jurisdiction*

The plaintiff, even if proceeding *pro se*, must establish that the court has subject matter jurisdiction over the action. *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (citation omitted); *Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009) (citation omitted). Federal jurisdiction is available when a federal question is presented, see 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

The requirement of subject matter jurisdiction cannot be waived, see *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court sua sponte. *See Henderson ex rel. Henderson v. Shinseki*, 131 S.Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted). Where a court lacks subject matter jurisdiction, dismissal is mandatory. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that the Court has jurisdiction over her claim because she "is dying" and pursuant to a "civil right violation in mental medicine, assault, batteries, tort." Compl. 1. The Court may not exercise subject matter jurisdiction over the complaint as

3

presently stated. Despite a liberal reading of the complaint, her claims regarding medical malpractice and products liability are based in state law. While she states she has experienced a "civil right violation," there is nothing to suggest that defendants violated plaintiff's constitutional rights[1] or violated any federal statute; nor is there diversity jurisdiction, since plaintiff and defendants both are residents of New York. *See* Compl. 3.

As currently stated, the complaint against defendants must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

C. *Rule 8*

Further, the complaint fails to comply with the dictates of Federal Rule of Civil Procedure 8. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (citation omitted). Here, plaintiff names six defendants, but fails to provide facts connecting any of these defendants to a violation of plaintiff's federal rights. However, plaintiff is afforded thirty days to file an amended complaint in which she complies with Rule 8.

---

[1] To the extent plaintiff may be seeking to raise a claim of forced administration of antipsychotics because she has alleged that a "patient cannot refuse care," and that she received fluphenazine "involuntarily" for years, see Complaint at 1-2, she should present such facts. As currently stated, I am unable to determine if Banks seeks to raise a claim that she was forcibly medicated with antipsychotic medication while involuntarily committed to an inpatient psychiatric facility or other facility in violation of her due process rights. Here, as presently stated, it seems that Banks unwillingly took the antipsychotic medication, not that she was forced to take medication against her will. *See generally Coleman v. State Supreme Court*, 697 F. Supp. 2d 493, 503-511 (S.D.N.Y. 2010) (denying constitutional claims of patient diagnosed as a paranoid schizophrenic who was placed in an outpatient treatment facility with a requirement to self-administer psychotropic drugs or to accept the administration of such drugs).

D.     *Leave to Amend*

As currently stated, plaintiff has not satisfied the dictates of Federal Rule of Civil Procedure 8. Nor has she alleged a basis for the exercise of this Court's subject matter jurisdiction. However, in light of plaintiff's *pro se* status, I grant her thirty days to amend her complaint in order to comply with the dictates of Rule 8. *See* Fed R. Civ. P. 15(a). *See also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."); *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal). Should plaintiff file an amended complaint, she must satisfy the minimal filing requirements of Rule 8, providing the defendants with notice of the claims against them and a short, plain statement of the relevant facts supporting plaintiff's claim or claims. She must also allege a basis for this Court's subject matter jurisdiction.

CONCLUSION

Accordingly, the complaint filed in forma pauperis is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. However, in an abundance of caution and in light of plaintiff's *pro se* status, plaintiff shall be afforded thirty days' leave to file an amended complaint against defendants. If plaintiff elects to file an amended complaint, the amended complaint must provide facts giving rise to her federal claims against the defendants and provide a basis for this Court's subject matter jurisdiction. It shall be submitted to the Court within thirty days of the date of this Order. The amended complaint shall completely replace the original complaint. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this

5

Order. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing this action shall enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Rule 8 and 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 2, 2014
       Brooklyn, New York