MARIE L. BANKS,

                               Plaintiff,

           - against -

MEDICAL SOCIETY OF THE STATE
OF NEW YORK; DR. CLERISME
ROOSEVELT; HILLSIDE HOSPITAL;
NASSAU UNIVERSITY MEDICAL
CENTER; KINGSBORO PSYCHIATRIC
CENTER; HEALTH & HOSPITALS
CORPORATION,
                              Defendants.

MEMORANDUM
AND ORDER
14-CV-4789 (JG)(VMS)

JOHN GLEESON, United States District Judge:

On August 7, 2014, plaintiff filed this *in forma pauperis* action *pro se* against three hospitals, a physician, the Medical Society of the State of New York and New York City's Health and Hospitals Corporation, seeking three hundred million dollars in damages. By Order dated December 2, 2014, I dismissed the complaint which, as best I could tell, was a products liability or medical malpractice tort claim for the prescription of a drug that proved harmful to plaintiff's health, for lack of subject matter jurisdiction, with leave to replead within thirty days.

The December 2, 2014 Order further stated that if plaintiff failed "to comply with this Order within the time allowed, judgment dismissing the action shall enter." Plaintiff has submitted what she labels an amended complaint and three letters to the Court filed on December 19, 2014, December 29, 2104, and January 8, 2015. I have reviewed the amended complaint[1]

---

[1] The December 19, 2014, "amended complaint" adds the names of two police officers but is really in the form of a letter to the Court much like her other three submissions in format and content. It does not include any claim against the new defendants or any facts at all concerning them. Nor does it or the letters contain even a kernel of a federal claim against any other defendant named in this suit, as best I can tell.

and the letters, affording them "a permissive application of the rules governing the form of pleadings" for *pro se* litigants, see *Sealed Plaintiff v. Sealed Defendant #1,* 537 F. 3d 185, 191 (2d Cir. 2008), but I find that none of them state a claim that would confer jurisdiction upon this Court pursuant to its federal question or diversity jurisdiction. *See Manway Constr. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory.") (citing Fed. R. Civ. P. 12(h)(3)) (additional citation omitted). Further, the amended complaint fails to comply with the dictates of Federal Rule of Civil Procedure 8, which requires a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Accordingly, I dismiss the complaint filed *in forma pauperis* for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims are dismissed without prejudice. The Clerk of Court is respectfully requested to enter judgment. The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: January 23, 2015
      Brooklyn, New York